UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| CONCRETE WASHOUT SYSTEMS, INC., a California corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>TERRELL MORAN, INC., TMI SERVICES TRUCKS & EQUIPMENT RETNALS LLC, TMI CONCRETE WASHOUT TRUCKS & EQUIPMENT RENTALS LLC, TERRELL MORAN, TODD TERMINI, and Does 1-100,<br><br>    Defendants. | CIV. NO. 2:14-00830 WBS CKD |

----oo0oo----

STATUS (PRETRIAL SCHEDULING) ORDER

The court has reviewed the Second Amended Joint Status Report ("SAJSR") submitted by plaintiff Concrete Washout Systems, Inc. and defendants Terrell Moran and Terrell Moran, Inc. (Docket No. 26.) The SAJSR indicates that defendants Trucks and Equipment Rentals LLC (erroneously named "TMI Services Trucks &

1

Equipment Rentals LLC" in the Complaint) and Trucks And Machinery for Industry LLC (erroneously named "TMI Concrete Washout & Equipment Rentals LLC" in the Complaint) declined to sign the SAJSR or suggest any changes.  (SAJSR at 2.)  The court hereby vacates the Status (Pretrial Scheduling) Conference scheduled for January 20, 2015, and makes the following findings and orders without needing to consult with the parties any further.

## I.   SERVICE OF PROCESS

The SAJSR indicates that all parties have been served. No further service is permitted without leave of court, good cause having been shown under Federal Rule of Civil Procedure 16(b).

## II.   JOINDER OF PARTIES/AMENDMENTS

Plaintiff states that it will amend its Complaint to reflect the true names of Trucks and Equipment Rentals LLC and Trucks And Machinery for Industry LLC.  After January 26, 2015, no further joinder of parties or amendments to pleadings will be permitted except with leave of court, good cause having been shown under Federal Rule of Civil Procedure 16(b).  See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604 (9th Cir. 1992).

## III.  JURISDICTION/VENUE

Plaintiff predicates jurisdiction on 28 U.S.C. §§ 1331 and 1338, because this case arises under an Act of Congress relating to patents and plaintiff alleges patent infringement pursuant to 35 U.S.C. § 271.  Defendants Terrell Moran and Terrell Moran, Inc. have consented to venue in this district.

Defendants Trucks and Equipment Rentals LLC and Trucks And Machinery for Industry LLC have moved to dismiss pursuant to

Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction.  (Docket No. 24.)  That motion is currently set for hearing before this court on February 9, 2015, at 2:00 p.m.

### IV. DISCOVERY

The parties shall serve the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) by no later than March 2, 2015.

The parties shall disclose experts and produce reports in accordance with Federal Rule of Civil Procedure 26(a)(2) by no later than June 30, 2015.  With regard to expert testimony intended solely for rebuttal, those experts shall be disclosed and reports produced in accordance with Federal Rule of Civil Procedure 26(a)(2) on or before July 30, 2015.

All discovery, including depositions for preservation of testimony, is left open, save and except that it shall be so conducted as to be completed by August 31, 2015.  The word "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relevant to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been obeyed.  All motions to compel discovery must be noticed on the magistrate judge's calendar in accordance with the local rules of this court and so that such motions may be heard (and any resulting orders obeyed) not later than August 31, 2015.

### V. MOTION HEARING SCHEDULE

All motions, except motions for continuances, temporary restraining orders, or other emergency applications, shall be filed on or before November 2, 2015.  All motions shall be

noticed for the next available hearing date.  Counsel are cautioned to refer to the local rules regarding the requirements for noticing and opposing such motions on the court's regularly scheduled law and motion calendar.

### VI. FINAL PRETRIAL CONFERENCE

The Final Pretrial Conference is set for January 4, 2016, at 2:00 p.m. in Courtroom No. 5.  The conference shall be attended by at least one of the attorneys who will conduct the trial for each of the parties and by any unrepresented parties.

Counsel for all parties are to be fully prepared for trial at the time of the Pretrial Conference, with no matters remaining to be accomplished except production of witnesses for oral testimony.  Counsel shall file separate pretrial statements, and are referred to Local Rules 281 and 282 relating to the contents of and time for filing those statements.  In addition to those subjects listed in Local Rule 281(b), the parties are to provide the court with: (1) a plain, concise statement which identifies every non-discovery motion which has been made to the court, and its resolution; (2) a list of the remaining claims as against each defendant; and (3) the estimated number of trial days.

In providing the plain, concise statements of undisputed facts and disputed factual issues contemplated by Local Rule 281(b)(3)-(4), the parties shall emphasize the claims that remain at issue, and any remaining affirmatively pled defenses thereto.  If the case is to be tried to a jury, the parties shall also prepare a succinct statement of the case, which is appropriate for the court to read to the jury.

## VII. TRIAL SETTING

The bench trial is set for March 8, 2016, at 9:00 a.m. No party has requested a jury trial, and the parties estimate that the trial will take one day.

## VIII. SETTLEMENT CONFERENCE

A Settlement Conference will be set at the time of the Pretrial Conference. All parties should be prepared to advise the court whether they will stipulate to the trial judge acting as settlement judge and waive disqualification by virtue thereof.

Counsel are instructed to have a principal with full settlement authority present at the Settlement Conference or to be fully authorized to settle the matter on any terms. At least seven calendar days before the Settlement Conference counsel for each party shall submit a confidential Settlement Conference Statement for review by the settlement judge. If the settlement judge is not the trial judge, the Settlement Conference Statements shall not be filed and will not otherwise be disclosed to the trial judge.

## IX. MODIFICATIONS TO SCHEDULING ORDER

Any requests to modify the dates or terms of this Scheduling Order, except requests to change the date of the trial, may be heard and decided by the assigned Magistrate Judge. All requests to change the trial date shall be heard and decided only by the undersigned judge.

Dated: January 14, 2015

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

5