1

2

3

4

5

6

7

8               UNITED STATES DISTRICT COURT

9              EASTERN DISTRICT OF CALIFORNIA

10

                    ----oo0oo----

11

12  CONCRETE WASHOUT SYSTEMS,         CIV. NO. 2:14-0830 WBS CKD
    INC., a California
13  corporation,                      MEMORANDUM AND ORDER RE: MOTION
                                      TO DISMISS
14              Plaintiff,

15       v.

16  TERRELL MORAN, INC., TMI
    SERVICES TRUCKS & EQUIPMENT
17  RENTALS LLC, TMI CONCRETE
    WASHOUT TRUCKS & EQUIPMENT
18  RENTALS LLC, TERRELL MORAN,
    TODD TERMINI, and Does 1-100,
19

20              Defendants.

21

                    ----oo0oo----
22

23       Plaintiff Concrete Washout Systems sued defendants for

24  breach of contract and patent infringement.  Defendants Trucks

25  and Equipment Rentals, LLC and Trucks and Machinery for Industry,

26  LLC (together "Trucks LLCs")[1] move to dismiss for lack of

27  _____

        [1]     According to the Trucks LLCs' motion, plaintiff
28  incorrectly named these two defendants as, respectively, "TMI

                              1

1    personal jurisdiction pursuant to Federal Rule of Civil Procedure

2    12(b)(2).

3    I. Factual and Procedural Background

4              Concrete washout is a waste that comes from washing out

5    cement trucks and other concrete equipment at the end of the day.

6    (Compl. ¶ 8.)  The Environmental Protection Agency ("EPA")

7    regulates the substance because its corrosive nature makes it an

8    environmental risk.  (Id.)   Following the issuance of EPA

9    guidelines, many companies tried to develop best practices for

10   the disposal of concrete waste water.  (Id. ¶ 9.)

11             Plaintiff's CEO Mark Jenkins developed a portable

12   container that is an allegedly novel solution for concrete waste

13   disposal.  (Id. ¶ 11.)  Jenkins formed Concrete Washout, a

14   California corporation headquartered in Sacramento, to market and

15   license his system.  (Id. ¶¶ 1, 12.)  In October 2006, plaintiff

16   obtained several patents for the system, which are still in full

17   force and effect.  (Id. ¶¶ 2-21.)

18             Defendant Terrell Moran, Inc., ("TMI") is a Louisiana

19   corporation with a principal place of business in Gonzales,

20   Louisiana.  (Id. ¶ 2.)  In April 2007, plaintiff and TMI entered

21   into a written Licensing Agreement for the Concrete Washout

22

---

23   Services Trucks and Equipment Rentals, LLC," and "TMI Concrete
     Washout Trucks and Equipment Rentals LLC."  (Mot. to Dismiss at 1
24   (Docket No. 24) ("[Plaintiff presumably meant to name Trucks and
     Equipment and Trucks and Machinery . . . not 'TMI Services Trucks
25   and Equipment Rentals, LLC' or 'TMI Concrete Washout and
     Equipment Rentals, LLC.'").  For the purposes of this Order, the
26   court will use "Trucks LLCs" to refer to defendants named as TMI
     Trucks & Equipment Rentals LLC and TMI Concrete Washout Trucks &
27   Equipment Rentals LLC.

28

1   Systems containers.  (Id. ¶ 35.)   TMI purchased twenty-one

2   containers in exchange for a monthly sum.  (Id. ¶¶ 36-37.)    The

3   Licensing Agreement prohibited TMI from selling or transferring

4   ownership of the containers without written consent from

5   plaintiff.  (Id. ¶ 39.)

6           Plaintiff alleges that despite this provision, in 2010,

7   Terrell Moran met with Roydan Bozeman in Louisiana to discuss the

8   acquisition of certain assets owned by TMI.  (Id. ¶ 2; Bozeman

9   Decl. ¶ 2.)   The sale went forward.  (Compl. ¶ 58.)   To complete

10  the transaction, Bozeman formed the Trucks LLCs.   (Bozeman Decl.

11  ¶ 3.)   The Trucks LLCs are Delaware LLCs with their principal

12  places of business in Denham Springs, Louisiana.[2]

13          Plaintiff alleges that the Trucks LLCs are infringing

14  on his patent by operating their concrete washout business using

15  the patented containers obtained from Moran.  (Id. ¶ 42.)

16  Plaintiff brings a breach of contract claim against TMI and

17  patent infringement claims against all defendants, seeking

18  injunctive relief and damages.  (Compl. ¶¶ 48-63.)   The Trucks

19  LLCs make a special appearance to seek dismissal on the basis

20  that the court does not exercise personal jurisdiction over them.

21  II. Personal Jurisdiction Over Trucks Defendants

22          Federal Circuit precedent generally applies to

23  determine whether the court may properly exercise personal

24  jurisdiction over a defendant in patent cases.  Adobe Sys. Inc.

25  v. Tejas Research, LLC, Civ. No. 3:14-868 EMC, 2014 WL 4651654,

26      [2]    Plaintiff's complaint alleges the LLCs are incorporated
27  in Louisiana, (Compl. ¶¶ 3-4) but this is supported by no
    evidence and is controverted by certificates of incorporation
28  offered by the Trucks LLCs, (see Bozeman Decl. Exs. 1,3.)

1  at *2 (N.D. Cal. Sept. 17, 2014); Deprenyl Animal Health, Inc. v.

2  Univ. of Toronto Innovations Found., 297 F.3d 1343, 1348 (Fed.

3  Cir. 2002) ("Federal Circuit law governs the issue of personal

4  jurisdiction in this patent-related case.").  Plaintiff bears the

5  burden of demonstrating that the court has jurisdiction over the

6  defendant.  See Merial Ltd. v. Cipla Ltd., 681 F.3d 1283, 1294

7  (Fed. Cir. 2012) (recognizing that the burden of establishing

8  personal jurisdiction ordinarily falls on the plaintiff).

9       Due process requires that for a nonresident defendant

10 to be subject to the court's jurisdiction, the defendant must

11 "have certain minimum contacts with [the forum state] such that

12 the maintenance of the suit does not offend traditional notions

13 of fair play and substantial justice."  Int.'l Shoe Co. v.

14 Washington, 326 U.S. 310, 316 (1945) (internal quotation marks

15 and citation omitted).  Plaintiff must normally make a prima

16 facie showing of either general or specific jurisdiction.  See

17 Elecs. For Imaging, Inc. v. Coyle, 340 F.3d 1344 (Fed. Cir.

18 2003).

19      The Trucks LLCs do no business outside of Louisiana and

20 appear to have no contacts with California.  Rather than

21 attempting to establish general or specific jurisdiction,

22 plaintiff appears to argue that the Trucks LLCs can be deemed to

23 have consented to personal jurisdiction in California.  (See

24 Pl.'s Opp'n at 6.)  "Under general contract principles, a forum

25 selection clause may give rise to waiver of objections to

26 personal jurisdiction."  Holland Am. Line, Inc. v. Wartsila N.

27 Am., Inc., 485 F.3d 450, 457 (9th Cir. 2007).  The Licensing

28 Agreement between plaintiff and TMI contained a clause selecting

4

California as the forum for litigation arising out of the

agreement.[3]   (See Compl. Ex. A.)   The Trucks LLCs, however, were

not parties to this Agreement--nor were they even in existence at

the time the Agreement was executed, (Bozeman Decl. ¶ 3).   A

forum selection clause does not apply to a nonresident defendant,

unless the party assented to it.   See Holland, 485 F.3d at 458.

Plaintiff has not provided evidence that Bozeman assented to the

Agreement's terms.

Plaintiff nevertheless argues that Bozeman's awareness

of the existence of the Agreement after the fact means the Trucks

LLCs can be deemed to have consented to the forum selection

clause.   (See Pl.'s Opp'n at 6.)   The parties dispute that

Bozeman was actually aware of the terms of the Agreement when he

purchased TMI's assets.[4]   This dispute is immaterial.   Even if

_____

[3]     The full text of the provision states:

This Agreement shall be governed by and construed
according to the laws of the State of California.
Each party to this Agreement hereby submits to the
exclusive jurisdiction of the state and federal courts
sitting in the County of Sacramento in the State of
California, consents to the extra-territorial service
of process, and waives any jurisdictional, venue or
inconvenient forum objections to such courts.   All
legal proceedings arising out of or in connection with
the Agreement shall be based solely in the County of
Sacramento   in   the   State   of   California.     Not
withstanding the foregoing, CWS may, at its option,
apply for injunctive relief and other provisional
remedies in a State or Federal Court located in any
jurisdiction where violation of this Agreement may
occur.

[4]     Moran states in an affidavit that he informed Bozeman
of the terms of the Agreement at the time Bozeman purchased TMI's
assets.   (Moran Decl. ¶ 3.)   Todd Termini, a former employee of
T&E, and also named as a defendant, states in an affidavit that

1  Bozeman was aware of the existence of the Licensing Agreement,

2  that would not support the conclusion that plaintiff consented to

3  jurisdiction in California.

4         Holland recognized that if a nonparty to a contract

5  containing a forum selection clause is nevertheless related to a

6  signatory in such a way that it can be deemed to have

7  participated in the transaction, then that nonparty would be

8  subject to the forum selection clause.  See Holland, 485 F.3d at

9  456 (holding that companies related to contract signatory who

10 were among the "range of transaction participants" were subject

11 to the agreement's forum selection clause).  Holland does not

12 apply to a situation where a non-party to a contract bears no

13 relation to a signatory at the time of the execution of the

14 contract, because such a non-party could not have participated in

15 the transaction.  Here, defendants the Trucks LLCs were not

16 involved in the transaction covered by the Licensing Agreement,

17 nor were they related to TMI at the time the Agreement was

18 executed.  Absent any participation in the transaction, there

19 must be some independent evidence that the party agreed to the

20 clause in order for that party to be bound by it.  See id. at 457

21 (declining to exercise personal jurisdiction over defendants who

22 were not parties to the contract because, among other things,

23 there was no evidence of defendants' assent).

24         Having found no basis for exercising personal

25 _____

26 Moran told him that Moran fully informed Bozeman about the
   licensing arrangement.  (Termini Decl. ¶ 9.)  Bozeman, however,

27 denies that Moran ever mentioned the Agreement; instead, he
   claims, Moran represented to Bozeman that TMI was the owner of

28 the assets he was selling.  (Bozeman Decl. ¶ 5.)

1  jurisdiction over the Trucks LLCs, the court must dismiss them

2  from this action.

3         IT IS THEREFORE ORDERED that the motion of defendants

4  Trucks and Equipment Rentals, LLC and Trucks and Machinery for

5  Industry, LLC to dismiss for lack of personal jurisdiction

6  pursuant to Federal Rule of Civil Procedure 12(b)(2) be, and the

7  same hereby is, GRANTED, and this action is hereby DISMISSED as

8  against said defendants.

9  Dated:  February 25, 2015

10

WILLIAM B. SHUBB
11                             UNITED STATES DISTRICT JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28